# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| BRIAN NAUMAN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant. | Cause No. CV 12-00063-H-DLC-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Mr. Nauman has filed a Motion to proceed in Forma Pauperis and proposed Complaint. C.D. 1, 2. Mr. Nauman seeks a declaratory judgment that Montana Code Section 45-5-502 is unlawfully contrary to state and federal laws which prohibit discrimination due to age. The Motion to Proceed in Forma Pauperis will be granted. The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial

1

district and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1). Upon referral, magistrate judges are only permitted to rule on motions that do not decide all or part of a case without the consent of the parties. 28 U.S.C. § 636(b). Magistrate judges do not have jurisdiction to rule on case-dispositive motions without consent, and can only enter findings and recommendations on those motions. Id. Upon consent of the parties, a magistrate judge may conduct all proceedings and enter judgment for the entire case. 28 U.S.C. § 636(c).

**III. MOTION TO PROCEED IN FORMA PAUPERIS**

Mr. Nauman submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. § 1915(a). The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Nauman must pay the statutory filing fee of $350.00. Mr. Nauman submitted an account statement showing he has insufficient funds to pay an initial filing fee, therefore, the initial partial filing fee will be waived. Mr. Nauman must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. See 28 U.S.C. § 1915(b)(2). A separate

order will direct the agency having custody of Mr. Nauman to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## IV. STATEMENT OF CASE

### A. Parties

Mr. Nauman is a prisoner proceeding without counsel. He is incarcerated at the Flathead County Detention Center in Kalispell, Montana. The named Defendant is the State of Montana. C.D. 2, p. 4.

### B. Allegations

Mr. Nauman alleges Montana Code § 45-5-502(5) is contrary to law. This section provides that consent with regard to sexual assault is ineffective if the victim is, "less than 14 years old and the offender is 3 or more years older than the victim." He contends that because of this "discrimination," he was, has been, and is currently imprisoned even though he did not commit the charged offense. C.D. 2, p.5. Mr. Nauman seeks declaratory relief and $5 million damages. C.D. 2, p. 6.

## V. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW

Mr. Nauman is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the

defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the

allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## VI. ANALYSIS

Mr. Nauman's claims are barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Heck, 512 U.S. at 487.

On May 19, 2000, Mr. Nauman entered a guilty plea to violating Mont.Code.Ann. § 45-5-502–Sexual Assault, the same statute he seeks to have declared invalid in this action. See Civil Action No. 05-00043-M-DWM, Doc. 29-1: Order of Montana Eleventh Judicial District Court, Flathead County regarding

Mr. Nauman's 2003 petition for post-conviction relief.[1] Judgment was entered March 6, 2001. He did not appeal. He filed a petition for post-conviction relief in state court which was denied. He also filed several actions in the Montana Supreme Court, including an appeal of the denial of his petition for post-conviction relief. He has filed five petitions for writs of habeas corpus in this Court which challenge, at least in part, his conviction. Civil Action Nos. 05-CV-00043-M-DWM, 06-CV-00029-M-DWM, 07-CV-0005-M-DWM, 07-CV-00144-M-DWM, and 09-CV-00123-M-DWM. All attempts to challenge that conviction have failed. According to the Department of Corrections website he is currently on probation. www.app.mt.gov/cgi-bin/conweb (accessed July 30, 2012). The Flathead County Detention Center jail roster lists him as being incarcerated since August 24, 2011 on a revocation of a suspended/deferred sentence and failure to register as a sex/violent offender. www.app.flatheadlmt.gov/jailroster (accessed July 30, 2012).

A finding that the statute under which Mr. Nauman was convicted was unconstitutional or invalid would necessarily imply the invalidity of his conviction.

---

[1] The Court can take judicial notice of undisputed matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). This includes documents on file in federal or state courts. See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002).

Mr. Nauman states he is currently incarcerated because of this statute, thus his conviction has not been reversed, declared invalid, expunged, or called into question. Therefore, his claims are barred by Heck.

**VI. CONCLUSION**

    **A. Leave to Amend**

For the reasons set forth above, Mr. Nauman's request for declaratory relief is barred by the Heck doctrine. This is not a defect which could be cured by the allegation of additional facts. As such, the Complaint will be recommended for dismissal.

    **B. "Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

The question of whether a complaint dismissed pursuant to Heck, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. Andrews v. Cervantes, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in Heck stated its ruling was based on a denial of "the existence of a cause of action." Heck, 512 U.S. at 489. Several other courts have held that Heck

7

dismissals constitute dismissals for failure to state a claim. See e.g., Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim."); Ransom v. Westphal, et al., 1:08-CV-01327-DMS-AJB (E.D. Cal. April 4, 2010); Romero v. United States, et al., No. CV 11–531–PHX–DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to Heck should be a strike under 28 U.S.C. § 1915(g).

In addition, Mr. Nauman's continued attempts to challenge his conviction which has repeatedly been upheld in both state and federal court makes his request for declaratory relief frivolous. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

**C. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states

in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

Mr. Nauman's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of these actions, Mr. Nauman SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and

9

its effective date, except if Mr. Nauman has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **ORDERED:**

1. Mr. Nauman's Motion to Proceed in Forma Pauperis C.D. 1 is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint C.D. 2 to remove the word "LODGED" and the Complaint is deemed filed on June 28, 2012.

It is **RECOMMENDED:**

1. Mr. Nauman's Complaint C.D. 2 should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Nauman failed to

state a claim upon which relief may be granted and his claims are frivolous and malicious.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Nauman may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Nauman files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Nauman from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in

part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of August, 2012.

     /s/ Keith Strong
Keith Strong
United States Magistrate Judge