

FILED

OCT 23 2012

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRIAN NAUMAN, | Cause No. CV 12-000063-H-DLC |
| Plaintiff, | |
| v. | ORDER |
| STATE OF MONTANA, | |
| Defendant. | |

Plaintiff Brian Nauman has filed a proposed Complaint seeking damages and a declaratory judgment that Montana Code Annotated § 45-5-502 violates state and federal laws prohibiting discrimination based on age. United States Magistrate Judge Keith Strong screened Nauman's complaint under 28 U.S.C. § 1915A. He entered Findings and Recommendations on August 1, 2012, recommending that the Complaint be dismissed for failure to state a claim and because it is frivolous. Nauman timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1).

Nauman insists that Judge Strong misconstrued his Complaint. However,

Judge Strong's determination that the Complaint is completely barred by the *Heck* doctrine is correct.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Nauman was convicted under Montana Code Annotated § 45-5-502. The conviction has not been reversed, expunged, invalidated, or called into question by the issuance of a writ of habeas corpus. Here, Nauman seeks damages for various harms that he alleges he has suffered due to the allegedly discriminatory nature of § 45-5-502. As Nauman himself admits, his claim implies that his conviction is invalid, even if that is only an "incidental byproduct" (doc. 8 at 3) of his Complaint. Therefore, Nauman's claim is barred under *Heck,* and his Complaint

must be dismissed.

There being no clear error in Judge Strong's remaining findings and recommendations, IT IS HEREBY ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 6) are ADOPTED in full.

2. Nauman's Complaint (doc. 2) is DISMISSED.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Procedure.

4. The Clerk of Court is directed to have the docket reflect pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

5. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Nauman failed to state a claim upon which relief may be granted and his claims are frivolous.

Dated this 23rd day of October 2012.

Dana L. Christensen, District Judge
United States District Court

3